UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JENNIFER GRAESSER,

                              Plaintiff,

v.                                               Civil Action No. _____

WINDHAM PROFESSIONALS, INC.,

                              Defendant.
_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. INTRODUCTION**

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**II. JURISDICTION AND VENUE**

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

**III. PARTIES**

4. Plaintiff, Jennifer Graesser, is a natural person residing in the County of Niagara and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, Windham Professionals, Inc., is a foreign business corporation organized and existing under the laws of the State of Massachusetts and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff incurred a New York State Higher Education loan. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter defaulted on the subject debt.

12. That upon information and belief Defendant was employed by New York State Higher Education to collect on the subject debt.

13. That in or about December of 2011, Defendant began calling Plaintiff's mother in an attempt to collect on the subject debt.

14. That Plaintiff contacted the Defendant and left a message instructing them to not contact her mother regarding the alleged subject debt and that she would contact them the next day.

15. The following day Defendant left a voice message on Plaintiff's cellular telephone advising they would stop calling her mother.

16. That Plaintiff called the Defendant after receiving the above voice message and explained that she previously filed a Chapter 13 and that pursuant to the bankruptcy, this debt was satisfied. She was then transferred to a supervisor who told her to she had to pay in full by the end of the day or it will go to garnishment.

17. Immediately following the above conversation, Defendant once again contacted Plaintiff's mother and asked for Plaintiff's work information.

18. That on or about December 28, 2012, Plaintiff called the Defendant asking to speak to a supervisor. The Plaintiff once again informed the Defendant that pursuant to her bankruptcy filing, she did not believe she owed the alleged subject debt. The supervisor, informed her that do to the seriousness of the amount, they could not hold this from going to garnishment unless Plaintiff enters into a payment plan.

19. That due to Defendant's representation and threat of an impending an imminent garnishment, she entered into a partial payment arrangement with the Defendant in which he agreed to set up month automatic withdrawals of $273.00 for nine consecutive months.

2

20. That despite Defendant's statements, they had not been authorized by New York State Higher Education to pursue legal action against Plaintiff, and did not intend to do so.

21. Plaintiff then sent Defendant a cease and desist letter which the received and signed for by Defendant on December 31, 2011.  On January 3, 2012, Defendant again contacted Plaintiff and stated in their message that they received her letter not to contact her but once again requested that she contact them.

22. That on January 5, 2012, Defendant once again called the Plaintiff and left another message on her cellular telephone requesting that she contact them.

23. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

### V. CAUSE OF ACTION

24. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 23 above.

25. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692b(3) by contacting Plaintiff's mother more than one time and after being told not to contact her and for reasons other than location information.

    B. Defendant violated 15 U.S.C. §1692b(2) by disclosing the existence of the alleged subject debt to Plaintiff's mother.

    C. Defendant violated 15 U.S.C. §1692c(c) by contacting the Plaintiff after receipt of a cease and desist letter from Plaintiff.

    D. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(5) and 15 U.S.C. §1692e(10) by using false and misleading representations when stating Plaintiff's account would go to garnishment if not paid by the end of the day.

    E. Defendant violated 15 U.S.C. §1692e and 15 U.S.C. §1692e(11) by failing to give the mini-Miranda warning that a debt collector was calling in an attempt to collect a debt in the multiple messages left for Plaintiff and by requesting that Plaintiff's mother inform Plaintiff the Defendant was calling for her and to call them back.

26. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

    (a)  Actual damages;

    (b)  Statutory damages for pursuant to 15 U.S.C. § 1692k.

    (c)  Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    (d)  For such other and further relief as may be just and proper.

### VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: February 7, 2012

    /s/ Seth J. Andrews_____
Seth J. Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: sandrews@kennethhiller.com